7303

## D. L. GREEN CO. v. ATLANTIC COAST LINE R. R. CO.

1. SPECIAL DAMAGES for delay in delivering freight can only be recovered upon proof of notice at time of shipment or before of the circumstances out of which special damages would reasonably arise.

2. CARRIER—FREIGHT—WILFULNESS.—Mistake in a record, loss of way bill, failure to find cars and delay on account of which a car of freight was kept at a station some days, the agent trying to locate it elsewhere, not knowing the car was at his station, show negligence but not wilfulness.

Before WAITS, J., Clarendon, September, 1908. Affirmed.

Action by D. L. Green & Co. against Atlantic Coast Line Railroad Company. From judgment for plaintiffs, they appeal.

*Mr. Charlton DuRant,* for appellant, cites: *Punitive damages should have been allowed:* 76 S. C., 193. *Plaintiff entitled to nominal damages:* Fed. Cas., No. 17, 516; 35 Ill., 598; 108 Ala., 262; 26 Tenn., 575; 75 S. C., 58; 9 A. & E. Ann. Cas., 1148; 52 L. R. A., 227; 81 S. C., 184; 77 S. C., 182; 76 N. E., 1050; 80 S. C., 47; 76 S. C., 173.

*Messrs. J. T. Barron* and *Purdy & O'Bryan,* contra. *Messrs. Purdy & O'Bryan* cite: *No evidence of wilfulness:* 79 S. C., 158. *No foundation for special damages:* 79 S. C., 157; 81 S. C., 539.

October 7, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Atlantic Coast Line Railroad Company, having received from the plaintiffs, D. L. Green Company, at Charleston, S. C., two carloads of fertilizer, issued its bill of lading, containing the words "prompt shipment required," and designating Seloc, S. C., plaintiff's place of business, on the Alcolu Railroad, as the

place of destination. The cars were carried over defendant's railroad to Alcolu, which is the junctional point between the defendant railroad and the Alcolu Railroad. There they were held for about ten days, instead of being carried promptly to Seloc. The action is for the statutory penalty of five dollars a day for every day beyond the seventy-two hours fixed as a reasonable time for delivery by Act of 24th March, 1904 (24 Stat., 671); for special damages, due to "losing the daily opportunities for sale of the said fertilizer, and losing the profits and trade which the plaintiffs would have received for the same;" and for punitive damages, for the alleged wilful failure of the defendant to make any effort to locate the freight.

The liability of the defendant railroad for the statutory penalty depended on whether the delay occurred on its road or after it had delivered the cars to the Alcolu Railroad, with notice that prompt shipment was required.

At the close of the testimony the presiding Judge announced that as he had excluded all testimony with respect to special damages, and in his opinion there was no evidence of wilfulness, he would submit nothing to the jury except the issue as to the liability of the defendant for the statutory penalty. The plaintiff then announced that he would take a nonsuit as to the causes of action for special damages, and for punitive damages. While no order of nonsuit was made, the Circuit Judge refused to submit the issue of special damages and punitive damages to the jury. The verdict of the jury on the issue submitted to them, as to the liability of the defendant for the penalty, was in favor of the plaintiff for seventy-five dollars. The defendant, acquiescing in this finding, has not appealed. The appeal of the plaintiff, in various forms, alleges error of the Circuit Court in excluding the evidence as to the alleged special damages, and in holding there was no evidence to warrant a recovery of punitive damages.

As to the special damages claimed, it is only necessary to say that plaintiffs' counsel stated to the Court that he had no evidence to offer of notice to the defendant, at the time of shipment or before, of the circumstances of the plaintiffs, and of the special damages which would result to them from delay. The Court has recently held that special damages can not be recovered without proof of such notice. *Towles & Arnett* v. *A. C. L. R. R., infra,* 501.

We think the Circuit Judge was also right in holding there was no evidence of a wanton or wilful breach of defendant's duty to the plaintiffs. It is true, the cars were kept at Alcolu for ten days, within a few miles of their destination, when the plaintiffs were pressing on the joint agent of the defendant and the Alcolu Railroad the urgent need they had for the fertilizer. But the defendant could not do more towards getting the cars to the plaintiffs than to deliver them to the Alcolu Railroad, and there was no evidence that the defendant wilfully or wantonly delayed performing this duty. Even if it be assumed, as the plaintiffs attempted to prove, that the defendant did not actually place the cars on the track of the Alcolu Railroad. there was no evidence offered from which a reckless or intentional error in placing the cars could be inferred. On the contrary, the records of the defendant company showed that the waybill and the cars had been promptly turned over to the Alcolu Railroad, and the waybill left in the usual place, from which it was lost. It may be there was a mistake in this record, on account of the accidental loss of the waybill; and the mistake, the loss of the waybill, the failure to find the cars, and the delay, all may have been due to negligence; but mistakes and delays occur in all business matters without wantonness or wilfulness. So, also, the failure of the joint agent of both roads, at Alcolu, to look for and identify the cars after their arrival at that point, in response to plaintiffs' urgent request that they be

found and sent forward, warrant the inference of a lack of due diligence. But we do not think it could be regarded wantonness or wilfulness, or even indifference; for the way-bill having been lost before it reached the agent, it was not unnatural that he should suppose the cars for which he had no waybill had not come. To rest on this supposition, without an actual search for the cars, may well be regarded evidence of negligent inaction, but it does not show wanton or wilful disregard of plaintiffs' rights. The absence of any ground for such an inference was made still more obvious by evidence introduced by the plaintiffs, that defendant's agent at Alcolu made more than one effort to trace the cars by telegraphing to Charleston.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.